# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **RONALD G. BUFORD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14CV00012 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **AMMAR'S INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Terry N. Grimes and Brittany M. Haddox, Terry N. Grimes, Esq., P.C., Roanoke, Virginia, for Plaintiff. Michael N. Petkovich and Meredith F. Bergeson, Jackson Lewis P.C., Reston, Virginia, for Defendant.*

In this case, the plaintiff alleges that his employer, the defendant, discriminated against him based on his age and race by reducing his work hours. The defendant claims that the plaintiff's reduction in hours was part of a company-wide reduction in force resulting from a downturn in business, and was not motivated by the plaintiff's age or race. In response to the plaintiff's interrogatories, the defendant produced detailed financial reports, including profit-and-loss statements showing the defendant's financial condition over several years. On October 24, 2014, the magistrate judge denied the plaintiff's motion to compel the production of the defendant's income tax returns. The plaintiff now moves for reconsideration of the magistrate judge's ruling.

The motion has been fully briefed and is ripe for decision.

A magistrate judge's ruling as to nondispositive matters may be reversed only upon a finding that the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). An order is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Minyard Enters., Inc. v. Se. Chem. & Solvent Co.*, 184 F.3d 373, 380 (4th Cir. 1999) (internal quotation marks and citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United Mktg. Solutions, Inc. v. Fowler*, No. 1:09–CV–1392–GBL–TCB, 2011 WL 837112, at *2 (E.D. Va. Mar. 2, 2011) (internal quotation marks and citations omitted). Decisions of a magistrate judge on discovery issues normally should be accorded considerable deference. *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010).

Although tax returns are "not privileged from civil discovery . . . judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns." *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 216 (W.D. Va. 1997). Courts have recognized a qualified privilege that disfavors disclosure of tax returns unless: "(1) the tax return is relevant to the subject matter in dispute; and (2) a compelling need exists for the return, because the information sought is not obtainable from other sources." *Id.* at 217; see also

-2-

Case 1:14-cv-00012-JPJ-PMS   Document 57   Filed 11/24/14   Page 2 of 3   Pageid#: 265

*Interstate Narrow Fabrics, Inc. v. Century USA, Inc*., No. 1:02CV00146, 2004 WL 444570, at *2 (M.D.N.C. Feb. 24, 2004) (noting the majority rule in federal courts that "a two-prong test should be applied to determine when the qualified privilege protecting income tax returns is overcome").  Although a minority of courts have held that tax returns are discoverable so long as they are relevant, e.g., *Minter v. Wells Fargo Bank, N.A.*, 675 F. Supp. 2d 591, 597 (D. Md. 2009), I am persuaded that recognition of a qualified privilege over tax returns is the more prudent course.

Here, the defendant's financial condition is central to the case, and the information in the defendant's tax returns is indisputably relevant.  However, the defendant has already provided detailed financial reports, including profit-and-loss statements covering several years.  The plaintiff has provided no reason why the tax returns would not be duplicative of the financial reports, much less a "compelling need" for their disclosure.  *Terwilliger*, 176 F.R.D. at 217; see also *Hastings v. OneWest Bank, FSB*, No. GLR-10-3375, 2013 WL 1502008, at *2 (D. Md. Apr. 11, 2013) (denying motion to compel production of tax returns absent showing "why less intrusive financial information would not suffice").

The magistrate judge's ruling was not in error.  It is accordingly **ORDERED** that the plaintiff's Motion for Reconsideration (ECF No. 51) is DENIED.

ENTER: November 24, 2014

/s/  James P. Jones
United States District Judge

-3-

Case 1:14-cv-00012-JPJ-PMS   Document 57   Filed 11/24/14   Page 3 of 3   Pageid#: 266