# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **RONALD G. BUFORD,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14CV00012 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **AMMAR'S INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Terry N. Grimes and Brittany M. Haddox, Terry N. Grimes, Esq., P.C., Roanoke, Virginia, for Plaintiff; Michael N. Petkovich and Meredith F. Bergeson, Jackson Lewis P.C., Reston, Virginia, for Defendant.*

The losing plaintiff in this employment discrimination case has objected to the Bill of Costs filed by the defendant under Federal Rule of Civil Procedure 54(d)(1). For the reasons explained below, I will overrule the objection and grant the Bill of Costs.

## I.

The plaintiff filed this action alleging that his employer Ammar's Inc. discriminated against him on the basis of his race and age. The plaintiff claimed that his hours had been cut for discriminatory reasons. Ammar's moved for summary judgment which I granted and which was affirmed on appeal. *Buford v. Ammar's, Inc.,* No. 1:14CV00012, 2015 WL 412896, at *1 (W.D. Va. Jan. 30,

2015), *aff'd*, No. 15-1228, 2016 WL 758031 (4th Cir. Feb. 25, 2016) (unpublished). The defendant seeks costs in the amount of $1,320.75, relating to the costs of depositions taken in the case.

## II.

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise." *Williams v. Metro. Life Ins. Co.,* 609 F.3d 622, 636 (4th Cir. 2010). There is thus a presumption of awarding costs to the prevailing party. *See Cherry v. Champion Int'l Corp.,* 186 F.3d 442, 446 (4th Cir. 1999); *Teague v. Bakker,* 35 F.3d 978, 996 (4th Cir. 1994). Costs may be refused only if the district court "justif[ies] its decision by 'articulating some good reason for doing so.'" *Teague,* 35 F.3d at 996 (quoting *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.,* 899 F.2d 291, 296 (4th Cir. 1990)). Costs can be denied based on "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis v. Grant Thornton LLP,* 434 F. App'x 232, 235 (4th Cir. 2011) (unpublished).

The plaintiff cites to *Musick v. Dorel Juvenile Grp., Inc.*, No. 1:11CV00005, 2012 WL 473994, at *1 (W.D. Va. Feb. 13, 2012) and *Green v. Winchester Med. Ctr.*, No. 5:13CV00064, 2015 WL 247871, at *1 (W.D. Va. Jan.

20, 2015), two of my previous decisions, to argue that costs are inappropriate because of his modest income. The plaintiff points to his reduced hours as evidence that he is unable to pay.

In *Musick*, the defendant sought costs totaling $51,237.47. 2012 WL 473994 at *1. The plaintiff was a child from a low-income family who had been injured so badly that it was estimated to take $9 million to care for her throughout her life. *Id*. In *Green*, the defendants sought costs totaling $24,336.21 against a plaintiff who worked at a grocery store and had suffered a serious injury to her hand which limited her ability to work. 2015 WL 247871 at *1, 3. Here, the plaintiff's situation is less dire, and the costs requested are only a fraction of what was sought in those other cases. Thus, I do not believe that the plaintiff's relatively low income justifies denying costs. *See Cherry*, 186 F.3d at 447-48 (holding that a party of even modest means may be required to pay costs). The plaintiff is employed, and while his income is modest, so are the costs sought by Ammar's.

III.

For the foregoing reasons, it is **ORDERED** that the Objections to Bill of Costs (ECF No. 89) are DENIED and Defendant's Bill of Costs (ECF No. 87) is GRANTED. The clerk shall tax the costs as requested.

ENTER:   March 28, 2016

/s/  James P. Jones
United States District Judge